UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK A. BOGER,

        Plaintiff,                                  Case No: 11-15526

vs.                                                 HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**MEMORANDUM AND ORDER ADOPTING
REPORT AND RECOMMENDATION (Doc. 13),
GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT (Doc. 9), DENYING THE COMMISSIONER'S
MOTION FOR SUMMARY JUDGMENT (Doc. 11)
AND REMANDING CASE[1]**

**I. INTRODUCTION**

This is a Social Security case. Plaintiff Mark A. Boger (Boger) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying his application for a period of disability and Disability Insurance Benefits. Boger claims he was disabled prior to the date he was last insured, December 31, 2004,[2] due to back, shoulder, and leg pain. After a hearing before the ALJ, Boger's application for benefits was denied. The Social Security Administration's Appeals Council denied review of the ALJ's decision. Boger filed this action seeking judicial review of the ALJ's decision.

---

[1] Although this matter was originally scheduled for hearing, upon review of the papers and agreement of the parties, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Boger originally alleged disability beginning on September 30, 1998. However, at a hearing on May 17, 2011 the onset of disability was amended to the current date of December 31, 2004. This is also Boger's date last insured.

The parties filed cross motions for summary judgment and the motions were referred to a magistrate judge (MJ) for a report and recommendation (MJRR). See (Docs. 9, 11). The MJ recommends that Boger's Motion for summary judgment be granted and the Commissioner's motion for summary judgment be denied. The Commissioner filed timely objections to the MJRR and Boger filed a response. See (Docs. 15, 17). For the reasons that follow, the Court will adopt the MJRR, grant Boger's motion for summary judgment, deny the Commissioner's motion for summary judgement, and remand to the ALJ for further proceedings consistent with this opinion.

## II. BACKGROUND

As the parties have not objected to the MJ's recitation of the procedural history and administrative record, the Court adopts that portion of the MJRR as if fully set forth herein. See (Doc. 13). The Court has independently reviewed the administrative record and a summary of the evidence related to Boger's claim follows.

The record is comprised of (1) Boger's testimony at the hearing before the ALJ; (2) medical evidence; and (3) the vocational expert's (VE) testimony at the hearing before the ALJ.

### A. Boger's Testimony

At the hearing, Boger testified that he is fifty-three years old. He has a high school education and completed two years of college when he was forty-six. He has worked in the past as a lineman and a line coordinator at General Motors Corporation.

Boger testified that he lives in an apartment and has a driver's license but cannot drive for long periods of time due to back pain. He received total and permanent

disability retirement from General Motors, and subsequently stopped working in 1999. Boger testified that he has a bad back, a pinched nerve, two bad vertebrae, has had seven surgeries on his shoulders, two plates and artificial bones in his left shoulder, restless leg syndrome, severe anxiety and depression, and migraines. Boger further testified that he is in a great deal of pain and that he cannot fully lift his arms overhead. This limits his daily activities. For example, Boger stated that he is unable to push a vacuum cleaner, pick up objects, take a bath, or shop. In addition, Boger testified that he has trouble with walking, standing or sitting for long periods.

### B. Medical Evidence

Boger began visiting Family Orthopedic Associates in 1993 due to his shoulder pain. An MRI followed by an arthroscopy confirmed a rotator cuff tear in Boger's left shoulder. Medical notes commenting on the state of a wound and incision in 1994 suggest that Boger underwent an anterior decompression of the shoulder with release of the coracol acromio ligament. In 1994, Dr. Pack noted that Boger's ailment had worsened. By 1995, Boger's pain continued, but the x-rays did not show much arthroscopically.

In 1999, Dr. Wallace Gasiewicz completed Supplementary Reports of Claim for Sickness and Accident Benefits Under the General Motors Life and Disability Benefits Program, finding that Boger was disabled from work through November 2000. In June of 1999, Dr. Barbara Chapman performed an identical evaluation. Dr. Chapman noted that despite the normal x-rays, Boger's rotator cuffs were extremely painful. Dr. Chapman recommended that Boger return to work in June 1999 with a shoulder height extension limit.

On January 16, 2002, Boger visited Dr. John Yap, an orthopedic surgeon. Dr. Yap noted the medical history of Boger's shoulder treatments. Dr. Yap also noted that Boger expressed continued pain. Dr. Yap stated that Boger complained of "catching and pooping" in the right shoulder, and prolonged shoulder pain over the past eight months. Dr. Yap diagnosed Boger with AC joint osteoarthritis and impingement syndrome of the right shoulder.  Dr. Yap reported that Boger had normal cervical spine motion and full forward elevation and abduction of his shoulders. Boger did not have any weakness with resisted abduction or external rotation.  Further, Boger had positive "Neer" and "Hawkins" testing.

In December 2006, Boger returned to Dr. Yap with complaints of bilateral shoulder pain. Dr. Yap diagnosed Boger with bilateral rotator cuff tears and advancing osteoarthritis of bilateral shoulders. He found that Boger had bilateral shoulder rotator cuff repairs but they had since torn again.

In 2007, Boger received cortisone injections to his shoulders and lumbar epidural steroid injections for lower back and leg pain.

In 2008, an MRI of Boger's shoulders indicated that five surgeries to the left shoulder and the MRI further identified postoperative and degenerative changes with impingement of the bilateral shoulders.

Boger revisited Dr. Yap four times in 2008 with complaints of shoulder pain. Dr. Yap noted that Boger's MRI scan showed irreparable rotator cuff tears and osteoarthritis.  Dr. Yap recommended a reverse total shoulder replacement. By October 30, 2008, Dr. Yap confirmed that Boger's MRI scans showed rotator cuff arthropathy and no ability to repair the rotator cuffs again.

4

In September 2008, Boger received follow-up care at McLauren Wound and Specialty Center for a burn ulcer on his right leg as a result of being burned by a hot pipe of his motorcycle.

### C. Vocational Expert

At the hearing before the ALJ, VE Stephanee Leech was asked if there were jobs to perform for a person of the claimant's age, education, and past work, who was able to perform light work as defined by the regulations, except that he can only occasionally reach bilaterally and never reach overhead, never climb ladders, ropes or scaffolds and must avoid all exposure to hazards. The VE opined that there are 1,500 jobs available; for example, some reception and information clerk positions and some greeter positions.

The VE further stated that competitive work at all exertional levels would be precluded for an individual that, due to a combination of his medical conditions, associated pain, and psychological symptoms, is unable to engage in sustained work activity on a regular and continuing basis for eight hours a day, five days a week for a 40 hour work week.

### III. THE ALJ'S DECISION

On March, 23 2012, the ALJ issued a decision denying Boger's application for disability benefits. The ALJ applied the five-step sequential analysis in determining whether Boger was disabled under the Social Security Act. First, The ALJ found that Boger has not engaged in substantial gainful activity during the period from his original alleged onset date of September 30, 1998 through his date last insured of December

5

31, 2004. Second, the ALJ found that Boger suffers from the medically determinable impairments of "degenerative joint disease, degenerative disc disease of the shoulders, coronary artery disease, anxiety and depression." However, the ALJ determined that Boger did not have a severe impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for twelve consecutive months, thus failing the second step of the sequential analysis.

The ALJ reasoned that Boger's "ability to ride a motorcycle, almost ten years after the alleged onset of disability, indicates that [Boger] retained extensive use of his arms and shoulders for the performance of above waist level work-related activity well after the date he was last insured for disability insurance benefits." Because the ALJ found that Boger did not pass step two, he concluded that Boger was not disabled as of the date last insured.

## IV. THE MJRR

The MJ concluded that the ALJ's decision to deny benefits because Boger failed to demonstrate that he had a severe impairment was not supported by substantial evidence. The MJ noted that the ALJ recognized Boger "had a history of bilateral shoulder pain and bilateral rotator cuff repairs in the past and he was presently receiving a disability pension from General Motors. . . [and] a medical report stating that he was disabled from work due to shoulder pain." The MJ determined that "the evidence appears to demonstrate that [Boger] had a severe impairment of his bilateral shoulders sufficient to satisfy the de minimus hurdle posed by step two of the sequential analysis." The MJ further reasoned that the ALJ erroneously placed significant weight on the fact that Plaintiff allegedly rode a motorcycle in 2008 when determining whether Boger had a

6

severe impairment four years earlier in 2004.

## V. STANDARD OF REVIEW

### A. Objections to MJRR

A district court must conduct a de novo review of the parts of a MJRR to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id. The requirement that district judges with life tenure conduct a de novo review and be the final arbiters of matters referred to a magistrate judge is jurisdictional. United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985); Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### B. Commissioner's Disability Determination

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 399 (1938). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support

7

the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6thCir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decision makers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the entire record as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ, Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993), regardless if the ALJ actually cited to the evidence. Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989). Nonetheless, there is no requirement that the reviewing court discuss all evidence in the record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x. 496, 508 (6th Cir. 2006). Essentially, the court's role is limited to search for substantial evidence that is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

### VI. ANALYSIS

The Commissioner objects to the MJRR on the grounds that the ALJ's decision was supported by substantial evidence. Because Boger's insured status expired on December 31, 2004, he must establish that he was disabled prior to that date to be

eligible for disability insurance benefits. 42 U.S.C. § 416(I)(2); <u>Gibson v. Sec'y of Health, Education, and Welfare</u>, 678 F.2d 653, 653 (6th Cir. 1982).

Here, the MJ determined that the ALJ erred at step two in the five-step sequential analysis. Step two requires a determination of whether Boger suffered from a severe impairment. This Court evaluates severity under a <u>de minimus</u> standard. See <u>Higgs v. Bowen</u>, 880 F.2d 860, 862 (6th Cir.1988). The threshold is low and "an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." <u>Maloney v. Apfel</u>, 211 F.3d 1269 (6th Cir. 2000). Under this standard, the question in the present case is whether there is substantial evidence in the record supporting the ALJ's finding that Boger has only a "slight" impairment that does not affect his ability to work. <u>Farris v. Sec'y of Health & Human Services</u>, 773 F.2d 85, 90 (6th Cir. 1985).

The MJ correctly determined that the ALJ erred in terminating the disability examination at step two of the five-step analysis. The ALJ relied on the evidence that Boger was treated for a burn from his motorcycle to conclude that Boger was able to ride a motorcycle through 2008. The ALJ then reasoned that Boger had extensive use of his shoulders and arms because he was able to ride his motorcycle. Boger, however, was never asked whether he was <u>riding</u> the motorcycle at the time of the burn or on the date last insured. As the MJ notes, a burn from the tailpipe of the motorcycle, standing alone, "only goes to show that [Boger] was in close enough proximity to a motorcycle to be burned by the tail pipe."

Further, the evidence the ALJ relied on arose four years after the alleged onset of disability. Evidence arising after the date Boger was last insured may be considered

9

to the extent that it illuminates Boger's health before the expiration of his insured status. Generally, however, such evidence is only minimally probative. Higgs v. Bowen, 880 F.2d 863 (6th Cir. 1988).

The medical record details Boger's shoulder condition from 1993 through 2009. The fact that Boger was treated for a burn on his leg in 2008 does not constitute substantial evidence to support the ALJ's decision to discredit Boger's testimony, or that Boger did not have a severe impairment. See, e.g., Farris, 773 F.2d 90.

The Commissioner further objects to the MJRR on the grounds that the MJ failed to address the gap in medical treatment history in determining the lack of severe impairment. However, the Sixth Circuit has established that "[o]nce evidence has been presented which supports a finding that a given condition exists it is presumed in the absence of proof to the contrary that the condition has remained unchanged." Richardson v. Heckler, 750 F.2d 506, 509-10 (6th Cir. 1984) (citing Rivas v. Weinberger, 475 F.2d 255 (5th Cir.1973)); see also Hall v. Celebrezze, 314 F.2d 686, 688 (6th Cir.1963). The ALJ noted that in 2002, Boger's treating physician, Dr. Yap, determined that Boger was disabled due to shoulder pain.  Dr. Yap relied on positive Neer and Hawkins testing, MRIs and other objective physical observations.

The Court acknowledges that the treating physician's opinion must be supported by sufficient medical data in order to be given substantial deference. See Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985). The Sixth Circuit in Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003) found that there was "no objective medical evidence supporting [the doctor's] assessment that [claimant] was limited in her ability to maintain regular attendance and the ALJ discredited his opinion by carefully

reasoning that since it was undisputed that Ms. Jones was able to take her daughter to school each morning and pick her up each afternoon, she was capable of maintaining a regular schedule." That is not the case here. The ALJ discredited Dr. Yap's medical opinion as inconsistent with the medical record only because of the aforementioned tailpipe burn and the gap in medical treatment. Unlike Jones, these disputed facts are not sufficient to discredit Dr. Yap's assessment of Boger's medical condition.

Further, Dr. Yap's subsequent treatment of Boger in 2006 indicated bilateral rotator cuff tears and advancing osteoarthritis. Although this evidence arose after the date last insured, it speaks to the fact that Boger's condition had not changed or improved between 2002 and the date last insured.

In sum, the MJ correctly held that substantial evidence does not support the ALJ's finding that Boger did not have a severe impairment. The MJ was correct in holding that ALJ erred in denying Boger's disability claim at step two of the five-step sequential analysis.

## VI. CONCLUSION

For the reasons above, including the reasons stated in the MJRR, the Commissioner's motion for summary judgment (Doc. 11) is DENIED and Boger's motion for summary judgment (Doc. 9) is GRANTED. The MJRR is ADOPTED by the Court and this case is REMANDED for further administrative proceedings.

SO ORDERED.

                                   S/Avern Cohn
                                   UNITED STATES DISTRICT JUDGE

Dated: March 27, 2013

11-15526 Mark Boger v. Commissioner of Social Security

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 27, 2013, by electronic and/or ordinary mail.

                                          S/Sakne Chami
                                          Case Manager, (313) 234-5160